

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-21-2007

# USA v. Johnson

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4958

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Johnson" (2007). *2007 Decisions.* Paper 16.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/16

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 06-4958

———

UNITED STATES OF AMERICA

v.

KERION JOHNSON,
a/k/a Black

Appellant

———

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. No. 06-00029)
Honorable James M. Munley, District Judge

———

Submitted under Third Circuit LAR 34.1(a)
December 14, 2007

BEFORE:  RENDELL, GREENBERG, and VAN ANTWERPEN, Circuit Judges

(Filed: December 21, 2007)

———

OPINION OF THE COURT

———

GREENBERG, Circuit Judge.

This matter comes on before the court on an appeal from a judgment of conviction

and sentence entered on November 30, 2006, following appellant Kerion Johnson's plea

of guilty to a single count of a multi-count indictment pursuant to a plea agreement. The appeal is limited to the sentence. A grand jury indicted Johnson for conspiracy to make false statements to a federal firearms dealer in connection with the acquisition of firearms in violation of 18 U.S.C. §§ 371 and 922(a)(6), conspiracy to distribute and possess with intent to distribute in excess of five grams of cocaine base ("crack") in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B), distribution of more than five grams of cocaine base ("crack") in violation of 21 U.S.C. § 841(a)(1), and two counts of using a communication facility to cause or facilitate a drug trafficking felony in violation of 21 U.S.C. § 843(b). Johnson pleaded guilty to conspiracy to distribute and possess with intent to distribute in excess of five grams of cocaine base ("crack") and the court ultimately dismissed the indictment's remaining counts.

The presentence report indicated that Johnson's total offense level was 27 which, with his criminal history category of IV, yielded a guidelines range of 100 to 125 months. However, at the sentencing the court made an unchallenged determination that Johnson's total offense level was 25 which, with his criminal history category of IV, yielded a guidelines range of 84 to 105 months. At the sentencing Johnson sought consideration by reason of the so-called 100-to-1 sentencing discrepancy between crack and powder cocaine. In fact, as the Supreme Court so recently has explained, the "100-to-1 ratio yields sentences for crack offenses three to six times longer than those for powder offenses involving equal amounts of drugs." Kimbrough v. United States, No. 06-6330,

2

2007 WL 4292040, at *6 (U.S. Dec. 10, 2007).

The District Court in sentencing took into account all of the factors set forth in 18

U.S.C. § 3553(a) and then pointed out the following:

> Mr. Johnson is 32 years of age, and he was involved in the distribution of quantities of crack cocaine in Monroe County. He has a significant drug history and a criminal record. He has spent a considerable amount of time in prison on previous drug convictions, only to engage in this similar conduct, similar behavior.

> For his 32 years, he sports two adjudications when he was a juvenile and his number of convictions are rank – eight adult convictions.

> In 2005, in this matter, the FBI and the state police investigated 12 purchases of firearms and drug trafficking in Monroe County. And from 2005, April, to October 13th, purchases of firearms were made on behalf of Mr. Johnson from various firearm dealers in Northeastern Pennsylvania. Guns were taken by Johnson to Trenton, sold to others in housing projects. On those occasions, females received a quantity of crack cocaine from Johnson in exchange for firearms.

> The parties have stipulated that Johnson was involved in the distribution and possession with intent to distribute between 5 and 35 grams of cocaine base; and that he possessed firearms in connection with his distribution activities.

> And I'm in agreement with the government's counsel; this combination is deadly, you know, the guns and the crack cocaine, bad stuff, you know.

> And Mr. Johnson, I don't have much more to say except that this is really serious business, that combination.

Sentencing Hr'g Tr. 27-28, Nov. 20, 2006. The court then sentenced Johnson to a

custodial term of 102 months to be followed by a term of supervised release of five years.

Johnson appeals, raising the following point:

3

The District Court Erred in Imposing Sentence Without Adequately Articulating its Consideration of the Factors in Section 3553(a) of Title 18 of the United States Code, 18 U.S.C. § 3553(a), Particularly in Relation to the Disparity under the Sentencing Guidelines Between the Powder and Crack Forms of Cocaine.

Appellant's br. at 10.

The District Court had jurisdiction under 18 U.S.C. § 3231 and we have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). The parties agree that inasmuch as Johnson did not make any objection to the adequacy of the District Court's articulation of the 18 U.S.C. § 3553(a) factors at the sentencing we review the sentence on the basis of the exacting plain error standard. See United States v. Olano, 507 U.S. 725, 732-35, 113 S.Ct. 1770, 1776-78 (1993); United States v. Dragon, 471 F.3d 501, 505 (3d Cir. 2006). Of course, even though we are concerned here with a plain error challenge, the underlying question on review is whether we can say that the District Court abused its discretion in its sentencing determinations. See United States v. Lloyd, 469 F.3d 319, 321 (3d Cir. 2006). As the Supreme Court explained in Gall v. United States, No. 06-7949, 2007 WL 4292116, at *7 (U.S. Dec. 10, 2007), "[r]egardless of whether the sentence imposed is inside or outside the Guidelines range, the appellate court must review the sentence under an abuse-of discretion standard."

We see no merit at all in this appeal. The District Court was well aware of the challenges that have been raised to the distinction between the length of the sentences statutorily authorized for crack and powder cocaine so that the same quantity of crack as

4

compared to powder cocaine will yield a longer sentencing range. But the court, understandably in view of the circumstances of this case, was not moved by reason of that distinction to impose a shorter sentence than it did. Moreover, it imposed a sentence within the advisory guidelines range though it undoubtedly knew that it could impose a shorter sentence. Thus, consideration of the Supreme Court opinion in Kimbrough does not require that we remand this case for resentencing. Though a sentence by reason of being within the guidelines sentencing range is not immunized from challenge, still the circumstance that a sentence is within the range is a positive factor for a court to take into account in considering its reasonableness. See United States v. Cooper, 437 F.3d 324, 332 (3d Cir. 2006) ("A sentence that falls within the guidelines range is more likely to be reasonable than one outside the guidelines range."). Overall, it is clear that we would not disturb the sentence here even on an ordinary abuse of discretion review and we certainly will not do so on an enhanced plain error review.

The judgment of conviction and sentence entered November 30, 2006, will be affirmed.